IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN STINEBAUGH, d/b/a
FRONTERA EMBROIDERY,
FRONTERA FARMS, and
FRONTERA TACK,

        Plaintiff,

v.                                                                                                  CV 08-308 CG/KBM

MICHAEL H. HAGAN, individually,
and in his capacity, if any, as a member
of CRAIGMYLE HALTER
COMPANY, LLC, and GEORGE M.
WALLACE, individually,

        Defendants.

## ORDER

This matter comes before the Court on Defendants George M. Wallace ("Mr. Wallace") and Michael H. Hagan's ("Mr. Hagan") Renewed Motion for Summary Judgment, Memorandum in Support of the Motion, and the Declarations of Mr. Wallace and Mr. Hagan in support of their Motion for Summary Judgment. See docket nos. 61-64. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that there are no triable issues as to any material fact and that Defendants are entitled to judgment in their favor as a matter of law as to each of Plaintiff's claims because: (1) Plaintiff John Stinebaugh has not standing to bring the action on any theory framed in the Complaint; and (2) Plaintiff is unable to establish one or more necessary elements of his claim for relief, and in particular is unable to offer proof of either misuse of process or of a malicious or improper motive on the part of any Defendant. See docket no. 61 at 2. Defendants assert that this case "should be dismissed in its entirety." Docket no. 62 at 19.

The District of New Mexico Local Rules of Civil Procedure mandate that a party must file a response to an opposed motion "within fourteen (14) calendar days." D.N.M. LOC. R. CIV. P. 7.4(a). The Local Rules further state that the 14-day time period is computed in accordance with Federal Rule of Civil Procedure 6(a) and (d). See id. Federal Rule of Civil Procedure 6(a), in pertinent part, states:

> **Computing Time.** The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:
>
> (1) ***Day of the Event Excluded.*** Exclude the day of the act, event, or default that begins the period.
>
> (2) ***Exclusions from Brief Periods.*** Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
>
> (3) ***Last Day.*** Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or – if the act to be done is filing a paper in court – a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

FED. R. CIV. P. 6(a). Federal Rule of Civil Procedure 6(d) states "**Additional Time After Certain Kinds of Service.** When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d).

Defendants' Motion for Summary Judgment was filed May 1, 2009. See docket no. 61. Defendants indicate they served Plaintiff with the Motion by mailing it to the Plaintiff's attorney's last known address, in accordance with Federal Rule of Civil Procedure 5(b)(2)(C). See id. Plaintiff has not filed a motion for extension or otherwise informed the Court that an agreement has been reached to extend Plaintiff's time to respond. Thus, in accordance with

District of New Mexico Local Rule 7.4(a) and Federal Rule of Civil Procedure 6(a) and (d), Plaintiff has failed to file a timely response to Defendants' Motion for Summary Judgment.[1] District of New Mexico Local Rule of Civil Procedure 7.1(a) states that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M. LOC. R. CIV. P. 7.4(a).

The Court has reviewed Defendants' Motion for Summary Judgment, the Memorandum in support thereof and the Declarations of Mr. Wallace and Mr. Hagan and upon due consideration of the pleadings on file, I find the Motion is well taken and should be granted as there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law.  See FED. R. CIV. P. 56(c); D.N.M. LOC. R. CIV. P. 7.4(a).

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Renewed Motion for Summary Judgment (docket no. 61) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Complaint for Malicious Abuse of Process and Illegal Seizure" is hereby **DISMISSED**.

**SO ORDERED** this 21st day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff also failed to file a timely response to the first motion for summary judgment filed in this case.  See generally docket no. 39.