IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN STINEBAUGH, d/b/a
FRONTERA EMBROIDERY,
FRONTERA FARMS, and
FRONTERA TACK,

        Plaintiffs,

v.                                                          CV 08-308 CG/KBM

MICHAEL H. HAGAN, individually,
and in his capacity, if any, as a member
of CRAIGMYLE HALTER
COMPANY, LLC, and GEORGE M.
WALLACE, individually,

        Defendants.

## ORDER DENYING "MOTION TO REINSTATE"

This matter is before me on Plaintiffs John Stinebaugh and Frontera Embroidery, LLC ("Plaintiffs") "Motion to Reinstate," which the Court construes as a Motion to Reconsider, filed June 3, 2009; "Defendants' Memorandum in Opposition to Plaintiffs' Motion to 'Reinstate' Dismissed Action," filed June 12, 2009; and the "Declaration of Michael H. Hagan in Opposition to Plaintiffs' Motion to 'Reinstate' Dismissed Action," also filed June 12, 2009. See docket nos. 67, 69 and 70. The Court, having fully considered the Motion, the facts of the case, all relevant authorities, and otherwise being fully advised, finds that the Motion is without merit and is **DENIED**.

**Procedural History**

On or about February 25, 2008, Plaintiffs filed suit against Defendants in the Third Judicial District Court of New Mexico, Doña Ana County, alleging malicious abuse of process and illegal seizure in Civil Cause No. CV-2008-352. See docket no. 1, exhibits. On March 21,

2008, Defendants removed the case from the Third Judicial District Court to the United States District Court for the District of New Mexico.  See docket no. 1.  On October 20, 2008, Defendants filed a Motion for Summary Judgment or Partial Summary Judgment.  See docket no. 39.  Despite a lack of a responsive pleading from Plaintiffs, the October 20 motion was denied without prejudice by the undersigned on November 10, 2008.  See docket no. 47.  On May 1, 2009, Defendants filed a renewed Motion for Summary Judgment, supported by a memorandum in support of the motion as well as the Declarations of Defendant Hagan and Defendant Wallace.  See docket nos. 61-64.  Plaintiffs, again, did not file a timely response to Defendants' Motion for Summary Judgment.  On May 21, 2009, the undersigned issued an Order granting Defendants' Motion for Summary Judgment and, on the same day, entered final judgment in favor of Defendants pursuant to Federal Rule of Civil Procedure 58.  See docket nos. 65 and 66.  On June 3, 2009, Plaintiffs filed the instant "Motion to Reinstate."  See docket no. 67.  Defendants filed their response on June 12, 2009.  See docket nos. 69 and 70.  Plaintiffs did not file a timely reply.

**Analysis**

"The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration."  Trujillo v. Board of Educ. Of Albuquerque Public Schools, 229 F.R.D. 232, 235 (D.N.M. 2005) (citing Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002)).  "If the court has entered a final order or judgment, then a motion for reconsideration is considered a motion to alter or amend the judgment under [R]ule 59(e) if it is filed within ten days after the entry of judgment."  Id.  "If the motion for reconsideration is filed more than ten days after the entry of final judgment, it is considered a motion for relief from judgment under [R]ule 60(b).  Id.  Here, the final judgment was entered

2

on May 21, 2009.  See docket no. 66.  Plaintiff filed his "Motion to Reinstate" on June 3, 2009.

See docket no. 67.   Federal Rule of Civil Procedure 6(a), in pertinent part, states:

> **Computing Time.**  The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute:
>
> (1) ***Day of the Event Excluded.***  Exclude the day of the act, event, or default that begins the period.
>
> (2) ***Exclusions from Brief Periods.***   Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
>
> (3) ***Last Day.***  Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or – if the act to be done is filing a paper in court – a day on which weather or other conditions make the clerk's office inaccessible.  When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

FED. R. CIV. P. 6(a).  Thus, given the timely June 3, 2009 filing, the Court finds Plaintiffs properly filed their "Motion to Reinstate" within the ten day period and that it is appropriate to consider it under Rule 59(e).

A rule 59(e) motion should be granted "'only to correct manifest errors of law or to present newly discovered evidence.'" Loughridge v. Chiles Power Supply Co., 431 F.3d 1268, 1274-1275 (10th Cir. 2005) (quoting Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997)).  Plaintiffs do not appear to argue that there has been a manifest error of law, nor do they appear to present newly discovered evidence.  To the extent that they do make an argument to either effect, the Court finds it without merit.  Upon review of the Court's May 21, 2009 Order, I find no error or other reason to alter or amend the judgment under Rule 59(e).

Plaintiffs' counsel contends he "was on vacation in Mexico until May 2, 2009," "was scheduled to attend . . . [a] graduation [in New York] on May 23, 2009," and was scheduled "to

visit family in Rhode Island during the week of May 19, 2009, and May 24, 2009." Docket no. 67 at 1-2. Further, Plaintiffs' counsel asserts the "airplane reservations for the trip to New York were for May 19, 2009, to May 24, 2009." Id. at 2. Plaintiffs admit "the motion was due to be filed no later than May 18, 2009," but state that on May 18, Plaintiffs' counsel "called [Defendant] Wallace on the telephone and asked for an extension of time to file the response to the motion for summary judgment until May 29, 2009." Id. at 1, 2. Plaintiffs assert, and Defendants' response to the Motion to Reinstate concurs, that Defendant Wallace agreed to the extension. See id. at 2; exhibit A; and docket no. 69 at 7. Plaintiffs, however, never filed a motion for extension of time or otherwise informed the Court that the parties had reached an agreement with respect to Plaintiffs' time to respond. Plaintiffs' counsel contends that upon his "return to the office on May 25, 2009, he learned that U.S. Magistrate Judge Carmen E. Garza had granted the motion for summary judgment sua sponte[1]." Docket no. 67 at 2. Plaintiffs argue, in a conclusory manner, that "[t]here are genuine issues of material fact alleged in the motion for summary judgment and [they] intended to point those matters out to the Court in an affidavit" and maintain "[i]t would be unfair and unjust to not give Plaintiffs an opportunity to respond to and oppose the summary judgment." Id. Plaintiffs Motion to Reinstate does not include an attachment with a proposed response to the motion for summary judgment, does not include any affidavits contesting the summary judgment, and does not explain why a response

---

[1] Sua sponte is defined as "[o]f his or its own will or motion; voluntarily; without prompting or suggestion." BLACK'S LAW DICTIONARY 1277 (5th ed. 1979). In this case, when the Court ruled on Defendants' Motion for Summary Judgment, it did not do so voluntarily or without prompting or suggestion. Rather, Defendants' Motion for Summary Judgment had been filed on May 1, 2009, and was pending before the Court on May 21, 2009, when the motion was granted. Further, Defendants recognize that the response to the dispositive motion was due May 18, 2009, and "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LOC. R. CIV. P. 7.4(a).

4

could not have been filed between May 3, 2009, and May 18, 2009; however, Plaintiffs do request an additional week to file a response to the motion for summary judgment.  See id. at 2-3.

The Court finds that Plaintiffs' counsel returned home from vacation on May 2, 2009, reviewed the Motion for Summary Judgment on May 3, 2009, waited until the last day to seek the alleged agreement to extend the time to respond, and did not inform the Court of any such agreement.  Again, there is no explanation offered for the failure to prepare a response between May 3, 2009, and May 18, 2009.  There is also no explanation for why the Court was not notified or why a motion for extension of time was not filed.  Additionally, the consensual agreement to file the response out of time was apparently agreed to by Defendant Wallace, but there is no indication that consent was given by Defendant Hagan, who has represented himself pro se in this case.  See docket no. 70.  Thus, I see no merit in Plaintiffs' arguments.  Accordingly, I find that Plaintiffs' Motion to Reconsider must be denied.

**WHEREFORE**,

**IT IS HEREBY ORDERED** that Plaintiffs John Stinebaugh and Frontera Embroidery, LLC's "Motion to Reinstate" (docket no. 67) is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE